# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTA G. ZETTNER DeLILLIO,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 07cv2428 JM(WMc)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION RE: DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT |

Plaintiff Charlotta G. Zettner DeLillio has filed Objections to Magistrate Judge McCurine's Report and Recommendation Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Cross Motion for Summary Judgment ("R & R"). The Government did not file a response to the Objections.

Plaintiff contends that the ALJ failed to "fully credit[] the statements of limitations by [lay witnesses] Reverend Leah Tenderfoot, Ms. Zettner, DeLillio's daughter Christina Zettner, her son Gbrendan Ryan, and her friend Erika Jardin." (Objections at p.4:20-22). The court overrules the Objections because the record reveals that the ALJ considered the lay witness evidence and articulated reasons for not fully crediting this testimony.

In this circuit, "lay testimony as to a claimant's symptoms or how an impairment affects the ability to work is competent evidence . . . and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). Consequently, "[i]f the ALJ wishes to

1 discount the testimony of law witnesses, he must give reasons that are germane to each witness."
2 Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006) (quoting Dodrill v. Shalala, 12 F.3d 915,
3 919 (9th cir. 1993).

4     In her Objections, Plaintiff cites the following portions of the record by lay witnesses:
5 Reverend Tenderfoot noted that she had to remind Plaintiff to take her medication and sometimes had
6 to remind Plaintiff to eat; Plaintiff was "starting to get confused with accounting and bookkeeping,
7 and her ability to handle money has become more difficult;" Plaintiff quickly becomes frustrated; she
8 gets distracted and forgets to finish tasks; Plaintiff has a short attention span; she is frequently
9 depressed, she has difficulty carrying out simple tasks; her short and long term memory "had become
10 poor at best;" and she had difficulty using her hands.  (Objections at p.1:21-3:10).

11     The difficulty with Plaintiff's recitation of pertinent disability behaviors identified by the lay
12 witnesses is that the ALJ considered and rejected these behaviors based upon the totality of the record,
13 including the testimony of treating and consulting professionals.  While the ALJ did not specifically
14 address the testimony of each lay witness by name, he did collectively address the lay witness
15 testimony.  The ALJ specifically cited the testimony of the Reverend Tenderfoot, Ms. Jardine, Ms.
16 Zettner, and Mr. Ryan and noted that they testified to "more restrictions than" those of Plaintiff's
17 treating and consulting physicians. (A.R. 15).  In assessing the lay witness testimony, the ALJ cited
18 the testimony of Matthew Carroll, M.D., a board certified psychiatrist and his diagnosis that Plaintiff
19 suffered from "mild short and long term memory problems," (A.R. 15); Drs. Yee and Tadros assessed
20 Plaintiff and determined that she suffered from depression/anxiety; id.; Dr. Sherman testified that
21 Plaintiff suffered from a temporary moderate restriction of the activities of daily living, making it
22 difficult for Plaintiff to maintain concentration, persistence, or pace, (A.R. 16-17);  Dr. Fidaleo
23 reported that Plaintiff had adequate concentration and attention, (A.R. 20); Dr. Carroll noted that
24 Plaintiff was able to maintain her personal hygiene, wash dishes, do laundry, cook, shop, drive, and
25 handle her own funds, (A.R. 21);and Dr. Wanger testified that Plaintiff suffered from moderate
26 depression and anxiety.  (A.R. 18).

27     After citing and referring to the testimony of the lay witnesses, the ALJ noted that the lay
28 witnesses were not physicians, psychologists, or other acceptable medical sources and concluded that

1  controlling weight of the evidence is given to the treating medical professionals. (A.R. 19). The ALJ
2  then discussed the findings of the treating physicians which undermined the weight of the lay witness
3  testimony. Contrary to Plaintiff's assertions, the ALJ did not reject lay testimony without comment
4  or findings. "It is the ALJ's role to resolve evidentiary conflicts. If there is more than one rational
5  interpretation of the evidence, the ALJ's conclusion must be upheld." <u>Allen v. Sec'y of Health &</u>
6  <u>Human Servs.</u>, 726F.2d 1470, 1473 (9th Cir. 1984). As the record reveals that the ALJ considered, but
7  ultimately rejected, the lay witness testimony, the court denies the Objections.
8      In sum, the court denies the Objections and adopts the R & R in its entirety.
9      **IT IS SO ORDERED.**
10  DATED: August 11, 2009
11                                         Hon. Jeffrey T. Miller
12                                         United States District Judge
13  cc:      All parties